FREY & SON, Inc., v. CUDAHY PACKING CO.

(District Court, D. Maryland. April 27, 1916.)

MONOPOLIES ⬧⮞28—PRICE DISCRIMINATION—ACTION FOR DAMAGES—JURISDICTION.

An action may sometimes be maintained in a federal District Court to recover damages for alleged price discriminations by defendant against plaintiff in violation of Clayton Act Oct. 15, 1914, c. 323, 38 Stat. 730, although the Federal Trade Commission has taken no action in the premises.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 18; Dec. Dig. ⬧⮞28.]

At Law. Action by Frey & Son, Incorporated, against the Cudahy Packing Company. On demurrer to declaration. Overruled.

See, also, 228 Fed. 209.

Daniel W. Baker, of Washington, D. C., and Horace T. Smith, of Baltimore, Md., for plaintiff.

Washington Bowie, Jr., of Baltimore, Md., and Gilbert H. Montague, of New York City, for defendant.

ROSE, District Judge. The plaintiff and the defendant are both corporations, one of Maryland, the other of Illinois. The plaintiff's declaration contains four counts. It charges that the defendant has violated the Sherman and the Clayton Acts to its injury, and asks damages therefor.

The third and fourth counts allege in substance that the defendant is a manufacturer of an article known as "Old Dutch Cleanser." The plaintiff, a wholesale grocer, had a trade in it of $15,000 a year in Maryland. The defendant, because plaintiff would not allow defendant to control its resale prices, refused to sell plaintiff at the same price at which it sold all other persons similarly situated, but asked it an exorbitant and prohibitive price. Defendant entered a demurrer to these counts of the declaration. It says that under the Clayton Act the courts have no jurisdiction of suits brought to recover for price discriminations, until after the Federal Trade Commission has determined that there was such discrimination. By analogy it relies upon the case of Texas & Pacific Railway Company v. Abilene Cotton Oil Company, 204 U. S. 426, 27 Sup. Ct. 350, 51 L. Ed. 553, 9 Ann. Cas. 1075, and the cases which have followed it.

It is unnecessary here to determine whether the law laid down in those decisions is or is not ever applicable to price discrimination forbidden by the Clayton Act. The facts alleged make a case analogous to that of Pennsylvania Railroad Company v. International Coal Comany, 230 U. S. 184, 33 Sup. Ct. 893, 57 L. Ed. 1446, Ann. Cas. 1915A, 315, in which it was held that the courts had jurisdiction to award damages for the discrimination therein set up, although the Interstate Commerce Commission had not acted or been asked to act.

The demurrer will be overruled.

⬧⮞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes